UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BAHAMAS BEY, | ) | |
|     Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 11-10918-GAO |
| v. | ) | |
| | ) | |
| SUSAN SULLIVAN, ASSISTANT | ) | |
| UNITED STATES ATTORNEY, | ) | |
|     Defendant. | ) | |

MEMORANDUM AND ORDER

O'TOOLE, D.J.

On May 20, 2011, Plaintiff Bahamas Bey ("Bey"), a prisoner in custody at FCI EL Reno in El Reno, Oklahoma, filed a self-prepared Complaint under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, against Assistant United States Attorney Susan Sullivan ("Sullivan"), in her individual capacity.[1]

On May 25, 2011, this Court issued a Memorandum and Order (Docket No. 4) granting Bey's Motion for Leave to Proceed *in forma pauperis* and assessing the initial partial filing fee under 28 U.S.C. § 1915(b) in accordance with the Prison Litigation Reform Act ("PLRA"). Additionally, the Memorandum and Order outlined the various legal impediments to Bey's claims. These impediments included: (1) the failure to state a plausible FTCA claim against Sullivan because federal employees are absolutely immune from common law tort claims arising out of acts undertaken in the course of their official duties; (2) the PLRA bar to a prisoner's action for compensatory damages based on mental or emotional injuries suffered in custody, where there is no "physical injury." See 42 U.S.C. § 1997e(e); (3) the bar of the Favorable

---

[1] This Court construed the civil rights claim as asserted under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983 because Sullivan was a federal, and not state, actor.

Termination Rule of Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny; and (4) absolute prosecutorial immunity as a bar to Bey's Bivens claims.

In light of these legal impediments, this Court directed Bey to show cause why this action should not be dismissed within 42 days. In response, on June 6, 2011, Bey filed an *Ex Parte* Motion to Voluntarily Withdraw Civil Rights Complaint (Docket No. 6). As grounds for the motion, Bey claims that he is indigent and it would be a hardship to make payments from his prison account. He therefore seeks to dismiss this action and to have the Court's filing fee assessment deemed to be void and terminated. He also seeks an Order to the Treasurer's Office at FCI El Reno prohibiting it from encumbering his inmate trust fund account.

DISCUSSION

I. The Request to Void and Terminate the Court's Filing Fee Assessment

In enacting the PLRA, Congress has left little discretion to the courts in this area. Under 28 U.S.C. § 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). Accordingly, this Court is required to assess an initial partial filing payment and collect subsequent payments on an incremental basis "until the filing fees are paid." 28 U.S.C. § 1915(b)(1), (2). See Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits....Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent

2

dismissal of the case does not negate this financial responsibility." (internal citation omitted)), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

One of the purposes of the filing fee requirement of the PLRA -- to reduce frivolous lawsuits -- would be frustrated if a prisoner were able to obtain a waiver of the filing fee in whole or part. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) ("The Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321, enacted in April 1996, contains provisions that should discourage prisoners from filing claims that are unlikely to succeed. Among the many new changes relating to civil suits, the statute requires all inmates to pay filing fees ...."); Hall v. United States, 91 Fed. Cl. 762, 678 (2010) ("By enacting section 1915, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." (internal quotation marks omitted)); Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (fee provisions of the PLRA are intended "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." (internal quotation marks omitted)).

In other words, a waiver of the filing fee obligations would allow a prisoner, unlike other litigants, to "test the waters" regarding the merits of any case without the adverse financial consequences associated with the filing fee. Here, Bey has engaged the District Clerk's resources of the Court by filing the case and other pleadings; he has engaged the resources of the Court in reviewing and preparing the Memorandum and Order after a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and in reviewing and preparing this

Memorandum and Order.[2]

The filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly. There is no basis to relieve any plaintiff, including Bey, of the consequences of an improvident filing because upon reflection, he decides he would like to use the monies which will be applied to his filing fee in some other manner.

Finally, Bey's allegation that it would cause a hardship to him should the Court collect on the assessed filing fee is not persuasive. Congress's methodology for collection of the filing fee ensures that not all funds from a prisoner account will be used to satisfy a prisoner's filing fee obligations. Further, as a factual matter, Bey is employed at the prison, and had $118.27 in his account at the time of filing the instant action. Thus, the Court cannot find that Bey would suffer any undue hardship by collection of the filing fee.[3]

For all of these reasons, Bey's *Ex Parte* Motion to Voluntarily Withdraw Civil Rights Complaint (Docket No. 6) is <u>DENIED</u> to the extent he seeks an Order vacating the Court's filing fee assessment and <u>DENIED</u> to the extent he seeks an Order to the Treasurer's Office at FCI El Reno prohibiting encumbrances of his prison account.

---

[2]Further, this Court notes that this was not Bey's first attempt to bring suit based on the same alleged actions of Sullivan and other federal agents. See <u>Bey v. United States, et al.</u>, C.A. 10-12263-GAO. Indeed, that prior lawsuit, raising an FTCA claim, was dismissed *sua sponte* for lack of subject matter jurisdiction (because Bey had failed to make the required administrative presentment); however, the Memorandum and Order issued by this Court (Docket No. 4), also outlined the various legal impediments to Bey's claims, including the <u>Heck</u> favorable termination rule, and the failure to state FTCA claims against individuals.

[3]Even if Bey lacks funds to pay the initial partial assessment, this would not provide a basis to vacate the assessment. Section 1915(b)(1) of Title 28 mandates "assessment" of the filing fee, but "collection" of the assessed fee "when funds exist." 28 U.S.C. § 1915(b)(1).

II.     The Request to Voluntarily Dismiss

In light of the ruling denying the request to void the filing fee assessment, Bey now is faced with two options.[4] He may choose to file a Notice of Voluntary Dismissal if he does not intend to prosecute his claims. Alternatively, Bey may choose to continue prosecution of this action by submitting a show cause response to the prior Memorandum and Order within 30 days from the date of this Memorandum and Order. <u>In either case, the filing fee obligations as previously assessed will remain in effect.</u>[5]

Any Notice of Voluntary Dismissal shall be filed within 30 days of the date of this Memorandum and Order.

Failure to comply with the directives contained herein will result in a dismissal of this action.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  Plaintiff's *Ex Parte* Motion to Voluntarily Withdraw Civil Rights Complaint (Docket No. 6) is <u>DENIED</u> to the extent he seeks an Order vacating the Court's filing fee assessment and <u>DENIED</u> to the extent he seeks an Order to the Treasurer's Office at FCI El Reno prohibiting encumbrances of his prison account; and

2.  Within 30 days of the date of this Memorandum and Order, Bey shall file either a Notice

---

[4]Because Bey's motion to voluntarily dismiss contained a contingency (a fee waiver), this Court will not deem the motion to constitute a Notice of Voluntary Dismissal.

[5]Should Bey dismiss this action upon a Notice of Voluntary Dismissal, the dismissal would not count as a "strike" against him pursuant to the three-strikes rule of 28 U.S.C. § 1915(g) (providing that a prisoner is ineligible for *in forma pauperis* status if he/she has had three or more cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted). Should this action be dismissed for the reasons set forth in the Memorandum and Order (Docket No. 4), this case might count as a "strike" against Bey under that provision.

5

of Voluntary Dismissal or a Show Cause Response demonstrating why this action should not be dismissed for the reasons set forth in the Memorandum and Order (Docket No. 4), failing which, this action shall be dismissed.

SO ORDERED.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: June 9, 2011