UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BAHAMAS BEY,                          )
        Plaintiff,                )      CIVIL ACTION NO.
                                  )      11-10918-GAO
        v.                        )
                                  )
SUZANNE M. SULLIVAN, ASSISTANT        )
UNITED STATES ATTORNEY,               )
        Defendant.                )

## MEMORANDUM AND ORDER

O'TOOLE, D.J.

On May 20, 2011, Plaintiff Bahamas Bey ("Bey"), a prisoner in custody at FCI EL Reno in El Reno, Oklahoma, filed a self-prepared Complaint under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, against Assistant United States Attorney Suzanne Sullivan ("Sullivan"), in her individual capacity.[1]  This Court construed the civil rights claim against Sullivan as asserted under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983 because Sullivan was a federal, and not state, actor.

On May 25, 2011, this Court issued a Memorandum and Order (Docket No. 4) outlining the various legal impediments to Bey's claims, including: (1)  the failure to state a plausible FTCA claim against Sullivan because federal employees are absolutely immune from common law tort claims arising out of acts undertaken in the course of their official duties; (2) the PLRA bar to a prisoner's action for compensatory damages based on mental or emotional injuries suffered in custody, where there is no "physical injury."  See 42 U.S.C. § 1997e(e); (3) the bar of

---

[1] The Court notes that Bey named the Defendant as "Susan Sullivan;" however, the public records indicate Defendant's true name to be "Suzanne M. Sullivan."  In light of this, the Court will *sua sponte* correct the record to reflect the Defendant as Suzanne M. Sullivan.

the Favorable Termination Rule of Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny; and (4) absolute prosecutorial immunity as a bar to Bey's Bivens claims.

In light of these legal impediments, this Court directed Bey to show cause why this action should not be dismissed within 42 days. In response, on June 6, 2011, Bey filed an *Ex Parte* Motion to Voluntarily Withdraw Civil Rights Complaint (Docket No. 6), on the grounds that it would be a hardship to make payments from his prison account.

On June 9, 2011, this Court issued a Memorandum and Order (Docket No. 7) denying Bey's motion and directing him to file either a Notice of Voluntary Dismissal or a Show Cause Response.

On June 27, 2011, Bey filed a Show Cause Response (Docket No. 8).

DISCUSSION

I.  Dismissal of FTCA Claims; Construction of Case a *Bivens* Claim

In the Show Cause Response, Bey asserts his claim is brought solely under 42 U.S.C. § 1983 and not under the FTCA. He asserts the FTCA Complaint "should be moot." Show Cause Response (Docket No. 8 at 1).

As an initial matter, as noted previously, Bey's assertion of civil rights claims under § 1983 is inapplicable because § 1983 does not apply to federal actors such as Sullivan. Rather, this Court will continue to construe the claim against Sullivan as one under Bivens. With respect to any FTCA claim asserted by Bey in this action (to the extent there is any asserted in this action), this Court will DISMISS the FTCA claim against Sullivan because of Bey's stated intention to abandon that claim as moot.

II.     Dismissal of Negligence Claims

Bey's Show Cause Response includes mixed allegations of negligence in connection with the violation of constitutional rights, and intentional acts violating his constitutional rights. For instance, Bey asserts that Sullivan was negligent in failing to advise him that he would be placed in a holding cell with dangerous gang members who had murdered his brother, causing him to feel threatened and intimidated. He also asserts that she was not properly trained, and committed ethical violations.

To the extent that Bey asserts claims based on Sullivan's negligent conduct, those claims are DISMISSED because Bey fails to state a claim against Sullivan upon which relief may be granted. As noted in the prior Memorandum and Order (Docket No. 4 at 6), federal employees are absolutely immune from common law torts arising out of acts undertaken in the scope of their employment. Bey's remedy for negligent conduct, if there is one, was through an FTCA claim against the United States; however, as noted above, any FTCA claim in this action is dismissed.

II.     Issuance of Summonses and Service by the United States Marshal Service

In his Show Cause Response, Bey reiterates many of his allegations contained in the Complaint, and presents policy arguments against the application of prosecutorial immunity in circumstances such as those raised in this action (*i.e.*, where it is alleged that Sullivan had him placed in a holding cell with violent gang members, and where she disclosed private information concerning family members for the purpose of threatening, intimidating, or to cause him emotional distress). Bey also contends that he is not challenging the validity of his underlying conviction. Bey does not, however, address the issue of knowledge of Sullivan with respect to

3

his placement in the holding cell pending his court appearance.

Despite the fact that Bey's Show Cause Response fails to address the specific impediments to his Bivens claims, this Court has reconsidered the allegations, and finds that this action is not ripe for a *sua sponte* dismissal upon a preliminary screening pursuant to 28 U.S.C. § 1915(e) and § 1915A, because, without further factual development, it cannot be determined definitively whether application of the Favorable Termination Rule of Heck v. Humphrey, 512 U.S. 477 (1994) is warranted,[2] nor can this Court determine on a *sua sponte* basis whether Sullivan's conduct entitles her to absolute prosecutorial immunity.[3] Issues such as motivation for her conduct in placing Bey in the holding cell (if taken as true) may implicate application of

---

[2] As noted in the prior Memorandum and Order (Docket No. 4 at 8-9) Bey reiterated the same factual conduct by Sullivan that he alleged in his first civil action, but in this action, he omitted the legal conclusions of prosecutorial misconduct or the theory why Sullivan did what she did on May 29, 2008. Thus, based on the record in the instant action, this Court cannot determine *sua sponte* whether success on Bey's claims would necessarily imply the invalidity of his criminal conviction, and therefore be barred under Heck.

[3] Prosecutors are entitled to absolute immunity when they engage in activities that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Reid v. State of New Hampshire, 56 F.3d 332, 337 (1st Cir. 1995). Conduct falling within this category is not limited to conduct occurring in the courtroom. It includes actions where prosecutors are acting "in the course of [their] role as an advocate for the State," including "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial ...." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Moreover, "[a]bsolute immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, so long as the prosecutor is exercising quasi-judicial power and not merely operating in an investigatory or administrative role." Easton v. Gianetti, 1997 WL 220312 (N.D. Cal. 1997) (citing Imbler, 424 U.S. at 427 and n.27). On the other hand, prosecutors are entitled only to qualified immunity when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. Buckley, 509 U.S. at 273-274. The distinction between the roles of "prosecutor" and "investigator" is not always clear. Imbler, 424 U.S. at 431 n.33 ("Drawing a proper line between these functions may present difficult questions...."). At some point, a prosecutor stops functioning as an officer of the court and loses absolute immunity, but this determination must be made on a case-by-case or function-by-function basis.

one or both of these doctrines.

Finally, Bey's Show Cause Response has not addressed sufficiently the issue whether his alleged emotional trauma is a "physical injury" necessary for asserting a claim for monetary damages. See 42 U.S.C. § 1997e(e). The case law is varied in this matter, and the record needs further factual development. In any event, Bey seeks $15,000,000.00 as damages. In light of this, and in combination with Bey's public policy arguments, this Court will consider that he is asserting a claim for punitive damages, seemingly taking this case outside the bar of § 1997e(e). See Pagan v. Clarke, 2010 WL 3522451, *7 (D. Mass. 2010) (where plaintiff alleged only mental distress without physical injury, he could not recover compensatory damages; however, the PLRA did not impact plaintiff's request for injunctive or punitive damages); Report and Recommendation Adopted as Modified on other grounds by Pagan v. Clarke, 2010 WL 3515730 (D. Mass. Sep. 7, 2010) (C.A. 09-11114-RGS).

Accordingly, this Court will not, *sua sponte*, dismiss this action based on the failure to show a physical injury.

In light of the above, this Court will permit the Bivens claim to proceed against Sullivan. The parties may address the issues (*i.e.*, absolute prosecutorial immunity, Heck Favorable Termination Rule, and § 1997e(e)) at a later point if necessary. The Clerk shall issue a summons and, because Bey is proceeding *in forma pauperis*, the United States Marshal Service shall effect service of process if directed by Bey to do so.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The Defendant's name is corrected from "Susan Sullivan" to "Suzanne M. Sullivan;"

2. All FTCA claims are <u>DISMISSED</u>;

3. All negligence claims against Defendant Sullivan are <u>DISMISSED</u>;

4. The Court construes Plaintiff's remaining claim as one asserted under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983;

5. The Clerk shall issue a summons as to Defendant Sullivan; and

6. The Clerk shall send the summons, a copy of the Complaint, and this Memorandum and Order to the Plaintiff, who must thereafter serve the Defendant in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States Marshal Service. If directed by the Plaintiff to do so, the United States Marshal Service shall serve the summons(es), Complaint, and this Memorandum and Order upon the Defendant, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

    /s/ George A. O'Toole, Jr.
    GEORGE A. O'TOOLE, JR.
    UNITED STATES DISTRICT JUDGE

DATED: July 6, 2011