UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BAHAMAS BEY,
    Plaintiff,

v.                                  CIVIL ACTION NO.
                                      11-10918-GAO

SUZANNE M. SULLIVAN,
Assistant United States Attorney,
    Defendant.

**PROCEDURAL ORDER RE:**
**MOTION TO DISMISS, OR, IN THE**
**ALTERNATIVE, FOR SUMMARY JUDGMENT**
**(DOCKET ENTRY # 18)**

**September 7, 2012**

**BOWLER, U.S.M.J.**

Pending before this court is a motion filed by defendant Suzanne Sullivan ("defendant") styled as a motion to dismiss, or, in the alternative, for summary judgment. (Docket Entry # 18). In an abundance of caution, this court advises plaintiff Bahamas Bey ("plaintiff") that this court will treat the motion as one for summary judgment. See Rule 12(d), Fed. R. Civ. P.[1] The purpose of providing this notice is to prevent any unfair surprise to plaintiff. See

---

[1] Rule 12(d) states that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Rule 12(d), Fed. R. Civ. P.

Puerto-Rican American Co. v. Benjamin Shipping Co., 829 F.2d 281, 285 (1st Cir. 1987).

Plaintiff is therefore afforded up to and including September 24, 2012, to file exhibits and other evidentiary materials to support his opposition to defendant's summary judgment motion. See Rule 56(c)(1), Fed. R. Civ. P. (detailing the kind of evidentiary material properly considered on summary judgment). As stated in the December 2, 2011, order of the district judge, plaintiff is not allowed to file "any supplemental *memoranda* [emphasis added] in opposition" to the summary judgment motion.

/s/ Marianne B. Bowler
**MARRIANE B. BOWLER**
United States Magistrate Judge