UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BAHAMAS BEY,
    Plaintiff,

  v.                                      CIVIL ACTION NO.
                                            11-10918-GAO

SUZANNE M. SULLIVAN,
Assistant United
States Attorney,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**MOTION FOR APPOINTED COUNSEL**
**(DOCKET ENTRY # 35)**

**October 5, 2012**

**BOWLER, U.S.M.J.**

      Pending before this court is a motion for appointment of counsel (Docket Entry # 35) filed by plaintiff Bahamas Bey ("plaintiff"). Plaintiff filed this civil rights action pro se against defendant Suzanne M. Sullivan ("defendant") under 42 U.S.C. § 1983 ("section 1983"). The court allowed him to proceed in forma pauperis and, because defendant is a federal actor, construed the section 1983 claim as a Bivens[1] claim.

      Plaintiff seeks damages and injunctive relief because of his placement in a holding cell with ten members of the Montes Park Gang in May 2008 while plaintiff was in the custody of the Federal Bureau of Investigation at the John Joseph Moakley

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Courthouse in Boston. Members of the gang allegedly murdered defendant's brother.

On September 7, 2012, this court construed a motion to dismiss, or, in the alternative, for summary judgment (Docket Entry # 18) filed by defendant as a summary judgment motion. At the same time, this court afforded plaintiff up to and including September 24, 2012, to file exhibits and other evidentiary material to support his opposition to the summary judgment motion.

Plaintiff filed the motion to appoint counsel on September 19, 2012. To date, he has not filed any additional exhibits or evidentiary materials.

## DISCUSSION

"Indigent litigants," such as plaintiff, "possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3rd Cir. 2002) (recognizing that 28 U.S.C. § 1915(e)(1) gives the court statutory authority to request appointed counsel); accord DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("[t]here is no absolute constitutional right to a free lawyer in a civil case"). That said, 28 U.S.C. § 1915(e)(1) gives a court the discretion to request appointed counsel for "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see Weir v. Potter, 214 F.Supp.2d 53, 54 (D.Mass. 2002) (citing section 1915(e)(1) and

noting that appointment is discretionary).

In order to obtain appointed counsel, there must be a showing of exceptional circumstances. DesRosiers v. Moran, 949 F.2d at 23; accord Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"); Weir v. Potter, 214 F.Supp.2d at 54. To determine whether exceptional circumstances exist, a court "examine[s] the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers v. Moran, 949 F.2d at 23; see Weir v. Potter, 214 F.Supp.2d at 54 (in assessing whether exceptional circumstances exist to warrant appointment, courts consider "merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [him]self").

Here, the legal issues are not complex. The factual allegations involve a single incident that took place in May 2008. Plaintiff's show cause showing (Docket Entry # 8) exhibits an adequate grasp of the facts. The absence of complexity regarding the facts reduces the need for an appointed attorney to advise plaintiff regarding what exhibits or evidentiary documents to file in support of his opposition to the summary judgment

motion.  Because of plaintiff's pro se status, however, this court will allow him an additional period of time to file any exhibits or evidentiary materials to support his opposition to the summary judgment motion.

## CONCLUSION

In accordance with the foregoing discussion, the motion for appointment of counsel (Docket Entry # 35) is **DENIED**.  Plaintiff is afforded up to and including October 19, 2012, to file exhibits or other evidentiary materials to support his opposition to defendant's summary.

                    /s/ Marianne B. Bowler
                    **MARIANNE B. BOWLER**
                    United States Magistrate Judge